IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE M. VANICSKO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | No. 07-1087 |

**M E M O R A N D U M   A N D   O R D E R**

Ditter, J.                                                                                September 30, 2009

      This case comes before me on cross-motions for summary judgment. The plaintiff, George M. Vanicsko, is seeking recovery of the federal tax refunds withheld from him as a result of an assessment of a penalty by the Internal Revenue Service ("IRS") for trust fund taxes owed by VW Painting-Coating, Inc. ("VW Painting"). He also seeks a declaration that the assessment was improper and an abatement of the assessment. The plaintiff claims that he was not a "responsible person" required to collect and pay taxes for VW Painting, nor did he "willfully" fail to pay the trust fund taxes owed by the company. The United States asserted a counterclaim seeking payment from the plaintiff of the entire assessment of trust fund recovery penalties, plus interest and other statutory additions. For the reasons that follow, I will deny the plaintiff's motion and grant the United States' motion for summary judgment.

I.     FACTUAL BACKGROUND[1]

      VW Painting, an industrial and commercial painting and coating company, began operation in 1991 and went out of business around 2004. The decision to form and then dissolve

---

[1] These facts are taken from the parties' joint statement of undisputed material facts or, where not disputed in the plaintiff's response, from the United States' statement of undisputed material facts. No facts are taken from the plaintiff's declaration submitted in opposition to the defendant's motion for summary judgment. However, I note that such a conclusory and self-serving declaration is insufficient, by itself, to create any genuine issues of material fact to defeat the defendant's motion. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) ("[N]onmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

the company was made jointly by the plaintiff and his former wife, Rosemary Vanicsko. VW Painting operated out of the jointly-owned residence of the plaintiff and Rosemary Vanicsko until 2000, when they made a joint decision to move the company to a jointly-owned business property. The plaintiff and Rosemary Vanicsko were married in 1991, separated in 2000 or 2001, and divorced in 2004. The vans and trucks used by VW Painting were owned by the plaintiff and he received no compensation for their use.

Rosemary Vanicsko was the named shareholder and president of VW Painting; she held those titles because it qualified the company as a woman-owned business enterprise. As president, she handled the bookkeeping and accounting, including managing accounts payable, and signed the checks made out to the United States for withholding taxes of VW Painting's employees, among other duties.

The plaintiff held himself out as vice-president of VW Painting,[2] was the project manager, and worked in the field as a painter; during his association with VW Painting, his duties remained roughly consistent. The plaintiff supervised employees and foremen working in the field, scheduled projects, and made personnel and supply decisions, including decisions on hiring and firing. The plaintiff had authority to sign proposals for potential projects, negotiate and modify work contracts, and bind VW Painting for rental services contracts. Part of the

---

[2] The plaintiff claims that he held this title in name only and that, to the extent he used that title, he did so only for leverage with whomever he was corresponding with. However, the plaintiff has produced no evidence to dispute that he held himself out as vice-president of VW Painting in signed correspondence with various suppliers, contractors, and other parties (*e.g.*, Gov. Exs. 64, 65, 112), in signed financial statements (Gov. Exs. 22A, 23), in state income tax returns to the State of New Jersey (Gov. Exs. 58), and in several other legal documents (*e.g.*, Gov. Exs. 108, 113). In all, the United States has produced over thirty documents where the plaintiff signed his name as vice-president of VW Painting and declarations from at least nine individuals who state that the plaintiff represented to them that he was vice-president or that he, through the course of their dealings, appeared to have the authority of a vice-president or owner of the company. Moreover, the undisputed evidence shows that the plaintiff had significant status, duties, and authority within the company and significant control over its finances, as described in detail below.

plaintiff's duties at VW Painting included calculating the amount of payments owed by contractors, signing applications for payments, and preparing the invoices submitted to contractors. He also approved invoices for payment relating to materials and equipment used by VW Painting. The plaintiff had the authority to sign liens against contractors that failed to pay VW Painting, bind VW Painting to contracts for attorney services, and sign settlement agreements on behalf of the company. The plaintiff had unrestricted use of a debit card connected to VW Painting's bank account. He was the highest paid employee of VW Painting during the relevant periods.

The plaintiff and Rosemary Vanicsko had authority to borrow money on behalf of VW Painting and made personal loans to the company. In 2000, the plaintiff and Rosemary Vanicsko signed a loan application from Commerce Bank in an attempt to secure a loan for VW Painting; VW Painting eventually obtained a $75,000 loan from the bank and both signed the loan documents. In 2002, a check in the amount of $61,000 was issued from the joint account of the plaintiff and Rosemary Vanicsko to VW Painting; that same day, a check in the amount of $61,000 was issued from VW Painting to the IRS to pay a portion of VW Painting's tax liabilities.

For eight tax quarters from 2000 to 2002, VW Painting failed to pay the taxes it withheld from the wages of its employees. The plaintiff attended meetings at the IRS in 2001 and 2002, where VW Painting's tax liabilities were discussed, and subsequent to those meetings, he continued to receive checks indicating that taxes were being withheld from his wages. On June 23, 2003, the Internal Revenue Service withheld the plaintiff's federal tax refunds and assessed

trust fund recovery penalties against him under 26 U.S.C. § 6672 based on VW Painting's failure to pay the taxes. The amount of the assessment was $368,608.

II.    PARTIES' CONTENTIONS

The plaintiff contends that he was not a "responsible person" required to collect and pay taxes for VW Painting, because he did not have final or significant say over payments made by the company, did not maintain its books and financial records, and did not direct communications with the IRS. He claims that his wife, Rosemary Vanicsko, was the only person at VW Painting with such authority. The plaintiff contends that he could not have acted "willfully" in failing to pay VW Painting's taxes, because he had limited access to VW Painting's financial records and did not have authority to direct payments. The United States argues that the trust fund recovery penalty assessment against the plaintiff is presumptively valid. The United States contends that the plaintiff's status with VW Painting and his authority to make financial decisions on behalf of the company make him "responsible" and that his failure to act upon learning of VW Painting's tax liabilities constitutes a "willful" failure to pay the taxes owed to the IRS.

III.   JURISDICTION

This court has subject matter jurisdiction over the plaintiff's action pursuant to 28 U.S.C. §§ 1340, 1346(a)(1) and 26 U.S.C. §§ 7401, 7402 and over the United States' counterclaim pursuant to 28 U.S.C. §§ 1345, 1346(c).

IV.    STANDARD OF REVIEW

The standard for deciding a motion for summary judgment under Rule 56(c) is well-established. I must consider all the facts and inferences in the light most favorable to the nonmoving party. The moving party should prevail in its motion only if there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law. However, the motion must be denied if a material fact is in dispute so that a reasonable jury could find for the nonmoving party.

V.       DISCUSSION

The Internal Revenue Code requires employers to withhold from the wages of their employees income and social security taxes and to hold such taxes in trust for the United States. 26 U.S.C. §§ 3102, 3402, 7501. Section 6672 permits the United States to assess a trust fund recovery penalty against certain persons who fail to collect or turn over such funds to the IRS. Specifically, the statute provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). Tax assessments by the United States are presumptively correct. *Brounstein v. United States*, 979 F.2d 952, 954 (3d Cir. 1992) (citing *Psaty v. United States*, 442 F.2d 1154, 1160 (3d Cir. 1971)). Once the United States introduces certified copies of the assessment to the district court, the burden shifts to the taxpayer to disprove liability. *Id.* To disprove liability under § 6672, a taxpayer must establish either "(1) that he was not a responsible person within the meaning of the statute, or (2) that he did not willfully fail to pay the amount due to the IRS." *Id.*

Here, there is no dispute that the United States assessed the trust fund recovery penalties against the plaintiff and that VW Painting owed taxes in the amount of $368,608. The only

-5-

material dispute relates to whether (1) the plaintiff was a "responsible person" within the meaning of § 6672, and (2) whether the plaintiff "willfully" failed to turn over the trust fund taxes due.

### A.     "Responsible Person" Under § 6672

The plaintiff has failed to provide evidence from which a rational fact-finder could conclude that he was not a "responsible person" of VW Painting during the relevant periods. A "responsible person" is one "required to collect, truthfully account for or pay over any tax due to the United States." *Greenberg v. United States*, 46 F.3d 239, 242-43 (3d Cir. 1994). "Responsibility is a matter of status, duty, or authority, not knowledge," and requires that a person have significant, though not necessarily exclusive, control over the company's finances before liability can be imposed. *Id.* (quoting *Brounstein*, 979 F.2d at 954) (internal quotations omitted). The question of significant control over the company's finances is answered in light of the totality of the circumstances; no single factor, or the absence thereof, is determinative. *Barnett v. IRS*, 988 F.2d 1449, 1455 (5th Cir. 1993). In determining whether an individual is a responsible person, courts consider:

> "(1) contents of the corporate bylaws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers, directors, and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, and (7) identity of individuals in charge of the firm's financial affairs."

*Greenburg*, 46 F.3d 239 at 243 (quoting *Brounstein*, 979 F.2d at 954-55).

Here, the United States has presented a certified copy of the notice of assessment, as well as substantial undisputed evidence with respect to the above factors. The undisputed evidence

shows that the plaintiff had significant status, duties, and authority at VW Painting. The plaintiff was a co-founder of VW Painting and was associated with the company from its inception to closing. For about eight years, VW Painting operated out of the marital home of the plaintiff and Rosemary Vanicsko, and then they jointly made the decision to relocate the company to a jointly-owned property in 2000. The plaintiff identified himself as vice-president of VW Painting in signed correspondence, in signed financial statements, on state income tax returns, and other legal documents. He supervised the employees in the field and managed the projects – no other employee at VW Painting was tasked with that responsibility. He also made hiring and firing decisions either alone or jointly with Rosemary Vanicsko.

Furthermore, the plaintiff had significant control over VW Painting's finances. The plaintiff's claim that he was not responsible for the financial affairs of the company and had little control over the company's purse strings is belied by the overwhelming, undisputed evidence to the contrary. The plaintiff had the authority to negotiate contracts, modify contracts, and sign proposals for VW Painting's projects. The plaintiff regularly calculated the amount of payments owed by contractors, signed applications for payments, and prepared the invoices. He approved invoices for payment relating to materials and equipment. The plaintiff had the authority to sign liens against contractors, bind VW Painting to various contracts, and sign settlement agreements on behalf of the company. He had the unrestricted ability to make payments from the bank account of VW Painting through the use of a debit card. The plaintiff also had authority to borrow money on VW Painting's behalf and made personal loans to the company.

The plaintiff argues that his wife, Rosemary Vanicsko had control over VW Painting's bookkeeping and accounting, that she collected and paid the employees' withholding taxes, and

that she was the "responsible person" under § 6672.[3]  However, it matters not that Rosemary Vanicsko may have had greater control over the company's finances, as long as the plaintiff had significant status and control as well.  *See Greenburg*, 46 F.3d at 243 ("While a responsible person must have significant control over the corporation's finances, exclusive control is not necessary." (internal quotations omitted)).  Moreover, liability attaches to the plaintiff regardless of whether he actually exercised his authority, as long as the plaintiff had such authority.  *See Muck v. United States*, 3 F.3d 1378, 1381 (10th Cir. 1993) ("The existence of such authority, irrespective of whether that authority is actually exercised, is determinative."); *Barnett*, 988 F.2d at 1455 ("That another person in the company has been delegated the jobs of withholding and paying employees' taxes and generally paying creditors is beside the point.  The crucial inquiry is whether [the] party . . . by virtue of his position in (or vis-a-vis) the company, could have had 'substantial' input into such decisions, had he wished to exert his authority." (footnote omitted)).  Indeed, the undisputed evidence described above shows that the plaintiff had significant status, duties, and authority within VW Painting and, even if he did not exercise day-to-day control of its finances, the plaintiff had the ability to exert significant control.

Therefore, I find that, as a matter of law, the plaintiff was a "responsible person" of VW Painting within the meaning of § 6672 during the relevant periods.

### B.    "Willfully" Failing to Turn Over Taxes Under § 6672

The plaintiff has also failed to provide evidence from which a rational fact-finder could conclude that he did not "willfully" fail to pay the trust fund taxes owed by VW Painting during

---

[3] The United States also filed a third-party complaint against Rosemary Vanicsko, which she did not defend, and default judgment was entered against her on October 7, 2007.

the relevant periods. Under § 6672, willfulness is defined as:

> "'a voluntary, conscious and intentional decision to prefer other creditors over the Government.' A responsible person acts willfully when he pays other creditors in preference to the IRS knowing that taxes are due, or with reckless disregard for whether taxes have been paid." In order for the failure to turn over withholding taxes to be willful, a responsible person need only know that the taxes are due or act in reckless disregard of this fact when he fails to remit to IRS. "Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes have not been paid." The taxpayer need not act with an evil motive or bad purpose for his action or inaction to be willful.

*Greenburg*, 46 F.3d at 244 (quoting *Brounstein*, 979 F.2d at 955-56) (internal citations omitted).

Here, the undisputed evidence shows that the plaintiff had actual knowledge of VW Painting's tax liabilities and failed to investigate or correct the situation. The plaintiff was, as described above, a "responsible person" required to pay the taxes owed by VW Painting.[4] At the latest, he had actual knowledge of VW Painting's tax liabilities in 2001, when he attended a meeting at the IRS where VW Painting's tax liabilities were discussed. After learning that the tax liabilities were not paid, the plaintiff took no direct action to ensure they were being paid. The plaintiff continued to receive checks from VW Painting indicating that taxes were being withheld from his wages, and he did nothing. This conduct constitutes "willful" behavior within the meaning of § 6672 , and I find that, as a matter of law, the plaintiff "willfully" failed to turn over the taxes owed by VW Painting during the relevant periods.

---

[4] The plaintiff argues several times that he could not have acted "willfully" in failing to pay VW Painting's taxes because he had limited access to VW Painting's financial records and did not have authority to direct payments – only Rosemary Vanicsko had such authority. These arguments address whether the plaintiff is a "responsible person" required to pay the company's taxes, and as I describe in section V.A., the undisputed evidence demonstrates that the plaintiff was indeed "responsible," even if he did not exercise his authority or have exclusive control over VW Painting's finances.

VI.    CONCLUSION

        Accordingly, the United States is entitled to summary judgment both with respect to the plaintiff's claim and to its counterclaim. A judgment will be entered in favor of the United States for the entire assessment of trust fund recovery penalties, $368,608, plus interest and other statutory additions. I will ask the United States to provide an affidavit from the IRS that truthfully and accurately sets forth the total tax liabilities, including interest and other statutory additions, that are owed by the plaintiff and remain due to the United States.

        An appropriate order follows.